## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| WILLIS N. SIMMONS,<br><br>    Plaintiff,<br><br>vs.<br><br>HD DEVELOPMENT OF MARYLAND, INC., d/b/a THE HOME DEPOT – DUCK CREEK PLAZA,<br><br>    Defendant. | NO.  3:25-cv-16<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant, HD Development of Maryland, Inc., d/b/a The Home Depot – Duck Creek Plaza ("Home Depot"), pursuant to 28 U.S.C. section 1441 *et seq.*, files this Notice of Removal, and in support thereof states:

Plaintiff Willis N. Simmons commenced a civil action on January 24, 2025 captioned *Willis N. Simmons, Plaintiff, vs. HD Development of Maryland, Inc., d/b/a The Home Depot – Duck Creek Plaza, Defendant,* in the Iowa District Court for Scott County, Case No. LACE138671 (the "State Court Action").  A copy of Plaintiff's Petition at Law and Jury Demand, Original Notice, Affidavit of Service, and Appearance of Benjamin M. Weston are attached and constitute all process, pleadings, and orders filed in the State Court Action and received to date by Home Depot.

As described in the Affidavit of Service, Plaintiff effected service of process on Home Depot by serving Home Depot's duly registered agent on January 31, 2025.  As such, removal is timely pursuant to 28 U.S.C. § 1446.

In the State Court Action, as set forth in the Petition, Plaintiff claims that he was injured when he tripped and fell at the Home Depot located in Bettendorf, Scott County, Iowa, on or about March 10, 2023.  Plaintiff seeks compensation for his injuries and damages.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

    a.    **Complete diversity exists**: The following statements were true on <u>both</u> the date that Plaintiff filed his Petition (January 24, 2025) and the date that Defendant Home Depot filed its notice of removal (February 26, 2025):

    1. Plaintiff Willis N. Simmons is a citizen of the State of Iowa.  (Plaintiff's Petition at Law, ¶ 1).

    2. Home Depot is a foreign corporation.  Specifically, it is incorporated in the State of Maryland with its principal place of business in the State of Georgia.

    b.    **The amount in controversy exceeds $75,000.00.**  Based on the content of Plaintiff's Petition and other relevant information, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiff's petition.  *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00).  In the Eighth Circuit, the amount in controversy is measured by the "value to the

plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiff will seek from a jury an amount greater than $75,000.00. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity"). Plaintiff claims that he suffered injuries as a result of tripping and falling backward over a box in the aisle of the Home Depot store. (Plaintiff's Petition, ¶¶ 8-9). He seeks to recover several categories of past and future damages including medical expenses, physical pain and mental suffering, and loss of full mind and body. (Plaintiff's Petition, ¶ 16). Additionally, based upon information received from Plaintiff's counsel before suit was filed, Plaintiff has undergone two (2) shoulder surgeries, and has incurred medical expenses of over $100,000.00. As a result of the foregoing, the amount in controversy is established in this case.

WHEREFORE, Defendant, HD Development of Maryland, Inc. d/b/a The Home Depot – Duck Creek Plaza, hereby removes the State Court Action pending as Case No. LACE138671 in the Iowa District Court for Scott County to this Honorable Court.

**LEDERER WESTON CRAIG** PLC

By: _____

Benjamin M. Weston
Jessica L. McNamara
4401 Westown Parkway, Suite 212
West Des Moines, IA  50266
Phone: (515) 224-3911
Fax: (515) 224-2698
E-mail:  bweston@lwclawyers.com
        jmcnamara@lwclawyers.com

**ATTORNEYS FOR DEFENDANT
HD DEVELOPMENT OF MARYLAND, INC.,
d/b/a THE HOME DEPOT – DUCK CREEK
PLAZA**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa using the ECF system which will send notification of such filing to the following:

Cindy M. Ekstam
HUPY & ABRAHAM, S.C., P.C.
2020 E. Kimberley Road, Suite B
Davenport, IA  52807
E-mail: cekstam@hupy.com

**ATTORNEYS FOR PLAINTIFF**

I certify under penalty of perjury that the foregoing is true and correct.  Executed February 26, 2025, in West Des Moines, Iowa.